**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRUCE BAYER , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil No.  12-cv-743-CJP |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

<u>**MEMORANDUM AND ORDER**</u>

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act.  **(Doc. 18)**.  Defendant filed a response in opposition at **Doc. 20**.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).   Plaintiff is, therefore, the prevailing party.  See, ***Shalala v. Schaefer***, **509 U.S. 292, 302 (1993).**  The Commissioner does not argue that her position was substantially justified so as to defeat plaintiff's claim under the EAJA.  She does, however, take issue with the hourly rate claimed by counsel.

1

Counsel for plaintiff asks the Court to award her $180.00 per hour for a total of 34.8 hours. Counsel argues that she is entitled to an increase from the statutory rate of $125.00 per hour because of an increase in the cost of living. She does not argue that there is any "special factor" within the meaning of §2412(d)(2)(A).

In her memorandum in support, **Doc. 19**, counsel argues that the statutory rate should be increased to reflect the fact that there has been a general increase in the cost of living since the implementation of the statute. She relies on the fact that the Social Security Administration adjusts the amount paid to beneficiaries to keep pace with inflation by using data from the Bureau of Labor Statistics. She argues that the same data should be used to adjust the hourly fee paid to attorneys.

Counsel's argument has some intuitive appeal, but it is foreclosed by the Seventh Circuit Court of Appeals' decision in ***Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011)**. The Court specifically rejected counsel's argument:

> If [counsel] points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

***Mathews-Sheets*, 653 at 563.**

The Court went on to explain that an adjustment in the hourly rate for inflation must be "justified by reference to the particular circumstances of the lawyer seeking the increase." ***Ibid.* at 563-564.** Counsel cites to two surveys about the average hourly rate charged by attorneys. These surveys are of little relevance to the precise issue at hand. No information has been

presented from which the Court could conclude that inflation has actually increased counsel's cost of providing legal services.

This Court holds that counsel for plaintiff has not demonstrated that she is entitled to an increase in the statutory rate.  Therefore, her fee will be calculated at the rate of $125.00 per hour.

Counsel represents that she spent 34.8 hours working on this case.  Defendant does not challenge that figure.  Therefore, the Court awards counsel of total fee of $4,350.00, representing 34.8 hours at a rate of $125.00 per hour.

Plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act  **(Doc. 18)**  is hereby **GRANTED in part and DENIED in part**, as explained above. The Court awards plaintiff a total of **$4,350.00** as fees.  In addition, plaintiff is entitled to reimbursement of the filing fee in the amount of **$350.00**.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per ***Astrue v. Ratliff***, **130 S.Ct. 2521 (2010).**    It does not appear that plaintiff executed an assignment of the fee.

**IT IS SO ORDERED.**

**DATED:   April 24, 2013.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**